MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 08 2010 ★
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

JUAN JOSE SANTILLAN, *individually and on behalf of others similarly situated*,

                *Plaintiffs*,

-against-

CUSTOM STAINLESS STEEL CORP.(d/b/a CENTER'S RESTAURANT EQUIPMENT), and WALTER HENAO,

                *Defendants*.
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

CV10 - 3128

BLOCK, J.

GO, M.J.

Plaintiff Juan Jose Santillan, individually and on behalf of others similarly situated (collectively the "Plaintiffs"), by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Defendants Custom Stainless Steel Corp. (d/b/a Center's Restaurant Equipment), and Walter Henao (collectively the "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1.     Plaintiff is a former employee of Defendants Custom Stainless Steel Corp. and Walter Henao.

2. Defendants owned, operated, or controlled a producer of customized stainless steel countertops and cabinets located at 74 and 82 George Street, Brooklyn, New York 11206 under the name Center's Restaurant Equipment.

3. Upon information and belief, Individual Defendant Walter Henao, serves or served as owner, manager, principal or agent of Corporate Defendants Custom Stainless Steel Corp., and upon information and belief, this corporate entity operates or operated a producer of custom-made stainless steel countertops and cabinets known as Center's Restaurant Equipment as a joint or unified enterprise.

4. Plaintiff is a former employee of the Defendants. He was primarily employed to weld, bend and polish stainless steel and clean the company's bathroom.

5. Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked. Rather, Defendants failed to maintain accurate recordkeeping of hours worked, and failed to pay Plaintiff appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

7. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

8.   Plaintiff seeks certification of this action as a collective action on behalf of himself, individually and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 29 U.S.C. §§ 201 *et seq.* (FLSA); and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

10.   Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their headquarters and offices within this district, and Defendants operate a producer of custom-made stainless steel countertops and cabinets located in this district. Further, Plaintiff was employed by Defendants in this district.

## THE PARTIES

*Plaintiff*

11.   Plaintiff Juan Jose Santillan ("Plaintiff Santillan" or "Mr. Santillan") is an adult individual residing in Queens County, New York.

12. Mr. Santillan was employed by the Defendants from approximately May 2000 until on or about March 1, 2010.

13. Plaintiff Santillan consents to being a party plaintiff pursuant to 29 U.S.C. 216(b), and brings these claims, based upon the allegations herein, as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

*Defendants*

14. At all times relevant to this complaint, Defendants owned, operated, or controlled a company that produced customized stainless steel countertops and cabinets located at 74 and 82 George Street, Brooklyn, New York 11206, under the name Center's Restaurant Equipment. Upon information and belief, Defendant Custom Stainless Steel Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 74 George Street, Brooklyn, New York 11206.

15. Defendant Walter Henao is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Walter Henao is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation. Upon information and belief, Defendant Walter Henao possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

16. Defendants operate a producer of customized stainless steel countertops and cabinets located at 74 and 82 George Street in Brooklyn under the name Center's Restaurant Equipment.

17. Upon information and belief, the Individual Defendant, Walter Henao, possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

18. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

19. Each Defendant possessed substantial control over the Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff, and all similarly situated individuals, referred to herein.

20. Defendants jointly employed the Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

21. In the alternative, the Defendants constitute a single employer of the Plaintiff and/or similarly situated individuals.

22. Upon information and belief, Individual Defendant Walter Henao operates the Defendant Corporation as either an alter ego of himself, and/or fails to operate the Defendant Corporation as an entity legally separate and apart from himself, by, among other things,

a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as separate and legally distinct entities,

b. defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e. operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely held controlled entity,

f. intermingling assets and debts of his own with Defendant Corporation,

g. diminishing and/or transferring assets to protect his own interests, and

h. other actions evincing a failure to adhere to the corporate form.

23. At all relevant times, Defendants were the Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

24. In each year from 2004 to the present, the Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

25. In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. As examples, numerous items that were used in the production of stainless steel countertops and cabinets on a daily basis, such as metal polish and aluminum powder were produced outside of the State of New York.

## *Defendants' Employment Practices*

26. At all times relevant to this complaint, Plaintiff was an employee of Defendants.

27. Plaintiff Santillan was employed by the Defendants from approximately May 2000 until on or about March 1, 2010.

28. Plaintiff Santillan was stationed at both the 74 and 82 George Street locations.

29. At all relevant times, Plaintiff Santillan's duties included welding, bending and polishing stainless steel, and cleaning the company's bathroom.

30. Plaintiff Santillan regularly handled goods in interstate commerce, such as metal polish and aluminum powder, and other supplies produced outside of the State of New York.

31. Plaintiff Santillan's work duties required neither discretion nor independent judgment.

32. Plaintiff Santillan regularly worked in excess of 40 hours per week.

33. From approximately June 2004 until on or about December 31, 2006, Plaintiff Santillan worked approximately from 7:00 a.m. to 4:00 p.m., six days per week (typically 54 hours per week). However, Defendants required that Plaintiff Santillan continue working one or two hours past his scheduled departure time twice per week, and three hours past his scheduled departure time two or three times per month.

34. From on or about January 1, 2007 until on or about December 31, 2007, Plaintiff Santillan worked from either 7:00 a.m. to 4:00 p.m. or from 8:00 a.m. to 5:00 p.m., six days per week (typically 54 hours per week). However, Defendants required that Plaintiff Santillan continue working one or two hours past his scheduled departure time twice per week, and three hours past his scheduled departure time two or three times per month.

35. From on or about January 1, 2008 to on or about March 1, 2010, Plaintiff Santillan worked from 8:00 a.m. to 5:00 p.m., five days per week (typically 45 hours per week). However, prior to approximately February 2009, Defendants required that Plaintiff Santillan continue working one or two hours past his scheduled departure time twice per week, and three hours past his scheduled departure time two or three times per month.

36. Throughout his employment with the Defendants, Plaintiff Santillan was paid in cash.

37. From approximately June 2004 until December 2005, Plaintiff Santillan was paid $650.00 per week.

38. From approximately January 2006 until December 2007, Mr. Santillan was paid $700.00 per week.

39. From approximately January 2008 until on or about March 1, 2010, Plaintiff Santillan was paid $740.00 per week.

40. Defendants did not provide Plaintiff Santillan with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

41. No notification, either in the form of posted notices, or other means, was given to Plaintiff Santillan regarding overtime and wages as required under the FLSA and NYLL.

42. Prior to February 2009, Plaintiff Santillan was never required to keep track of his time, nor to Mr. Santillan's knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

*Defendants' General Employment Practices*

43. Defendants regularly required the Plaintiff to work in excess of forty (40) hours per week without paying him the proper regular rate of pay, overtime wages, or spread of hour compensation.

44. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiff and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

45. Defendants' pay practices resulted in Plaintiff not receiving payment for all of his hours worked, resulting in Plaintiff's effective rate of pay falling below the required minimum wage rate.

46. Defendants did not pay Plaintiff for his full time worked, overtime pay, or spread of hours pay.

47. Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiff with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

48. Prior to February 2009, defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

49. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (1) his full hours worked, (2) for overtime due, and (3) for spread of hours pay.

50. Defendants did not provide Plaintiff with any document or other statement accurately accounting for his actual hours worked, and setting forth rate of minimum wage and overtime wage.

## FLSA COLLECTIVE ACTION CLAIMS

51. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

52. At all relevant times, Plaintiff, and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

53. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA class

members), control his terms and conditions of employment, and determine the rate and method of any compensation.

56. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

57. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

58. Defendants failed to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

59. Defendants' failure to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

60. Plaintiff (and the FLSA class members) has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

63. Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

64. Plaintiff (and the FLSA class members) has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control her terms and conditions of employment, and determine the rates and methods of any compensation in exchange for her employment.

67. Defendants, in violation of the NYLL, paid Plaintiff (and the FLSA class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

68. Defendants' failure to pay Plaintiff (and the FLSA class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

69. Plaintiff (and the FLSA class members) has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

72. Defendants failed to pay Plaintiff (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

73. Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

74. Plaintiff (and the FLSA class members) has been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

75. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76. Defendants failed to pay Plaintiff (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4.

77. Defendants' failure to pay Plaintiff (and the FLSA class members) an additional hour's pay for each day Plaintiff's (and the FLSA class members') spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

78. Plaintiff (and the FLSA class members) has been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(d) Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA class members;

(f) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(j) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

(k) Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff's and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA class members;

(m) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o) Awarding Plaintiff and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(q) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 8, 2010

                                                  MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
Michael Faillace [MF-8436]

110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*