UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUAN JOSE SANTILLAN, *individually and on behalf of others similarly situated,*

*Plaintiff,*

**10 CV 3128 (FB) (MDG)**

-against-

**FLSA Collective Action**

CUSTOM STAINLESS STEEL CORP. (d/b/a CENTER'S RESTAURANT EQUIPMENT), and WALTER HENAO,

*Defendants.*
-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**APPLICATION FOR DEFAULT JUDGMENT**

MICHAEL FAILLACE & ASSOCIATES, P.C.
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiff*

**Table of Contents**

Procedural history, parties, and jurisdiction ........................................ 1

Facts ........................................ 2

I. PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT ........................................ 2

II. PLAINTIFF IS ENTITLED TO BACK PAY; LIQUIDATED DAMAGES; A THREE-YEAR LIMITATIONS PERIOD UNDER THE FLSA; PREJUDGMENT INTEREST, AND COSTS AND ATTORNEYS' FEES ........................................ 4

A. Back pay ........................................ 4

B. Liquidated damages under the FLSA ........................................ 5

C. Three-year limitations period under the FLSA ........................................ 6

D. Liquidated damages under the New York Labor Law ........................................ 8

E. Prejudgment interest ........................................ 8

F. Costs and attorneys' fees ........................................ 9

CONCLUSION ........................................ 9

# Table of Authorities

## Cases

*Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003), *aff'd*, 126 S.Ct. 514 (2005).....................6

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)............................................5

*Carter v. Frito-Lay, Inc.*, 425 N.Y.S. 2d 115, 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 438 N.Y.S.2d 80 (1981).........................................................................................................8

*Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir. 1994) ..........................................8

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006)..........................................2

*Damassia v. Duane Reade, Inc.*, 2005 WL 1214337, at *2 (S.D.N.Y. May 20, 2005)...................6

*Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 WL 1330761, at *8 (S,D.N.Y. 2005) ..........................7

*Doo Nam Yang v. ACBL Corp.*, 425 F. Supp.2d 327, 340 (S.D.N.Y. 2005).................................7

*Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 485-86 (S.D.N.Y. 2001) .......................8

*Gierlinger v. Gleason*, 160 F.3d 858, 874 (2d Cir. 1998)..............................................................8

*Godlewska v. Human Dev. Assoc., Inc.*, 2006 WL 1422410, *4 (E.D.N.Y. May 18, 2006)...........7

*Hardrick v. Airway Freights Systems, Inc.*, 63 F.Supp.2d 898, 904 (N.D.Ill. 1999)...................6, 7

*Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 597 (E.D.N.Y. ) ................................9

*Mattel, Inc, v. Global China Networks, LLC*, 2007 WL 3332662, *2............................................3

*McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 176 Misc. 2d 325, 336 (N.Y. County 1997). .......................................................................................................................................8

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).......................................................6

*Moon v. Kwon*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002) ..........................................................6

*Perero v. Food Jungle, Inc.*, 2006 WL 2708055, at *8 (E.D.N.Y. Aug. 7, 2006) ..........................8

*Reilly v. Natwest Mkts. Group*, 181 F.3d 253, 265 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000).......................................................................................................................................8

*Zeng Liu v. Jen Chu Fashion Corp*, 2004 WL 33412, *3 (S.D.N.Y. 2004)...................................5

**Statutes**

29 U.S.C. §§ 201 *et seq.* .....1

29 U.S.C. § 206.....5

29 U.S.C. § 207(a)(1).....4

29 U.S.C. § 211(c) .....5

29 U.S.C. § 216(b) .....5, 9

29 U.S.C. § 255(a) .....6

29 U.S.C. § 260.....5

N.Y.C.P.L.R. § 308(2) .....1

N.Y. C.P.L.R. § 5001.....8

N.Y. C.P.L.R. § 5001(b) .....9

N.Y. C.P.L.R. § 5004.....8

N.Y. Labor Law §§ 650 .....1

N.Y. Labor Law § 652(1) .....4

N.Y. Labor Law § 663(1) .....6, 8, 9

N.Y. Labor Law § 663(3) .....7

**Rules and Regulations**

12 N.Y.C.R.R. § 137-1.7 .....5

12 N.Y.C.R.R. § 142–2.2.....4

12 N.Y.C.R.R. § 142-2.4 .....1

Fed. R. Civ. P. 4(h)(1)(A).....1

Fed. R. Civ. P. 4(e)(1),.....1

Local Rule 55.2(b). .....1

Fed. R. Civ. P. 55(b)(2).....1

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**

Plaintiff Juan Jose Santillan, by counsel, submits this memorandum of law in support of his application for a default judgment pursuant to Fed. R. Civ. P. 55(b) (2) and Local Rule 55.2(b). The pertinent facts, which compel the relief requested, are stated in the accompanying affirmation of Michael A. Faillace, and accompanying exhibits, Plaintiff's affidavits in support, and are cited below.

**Preliminary Statement**

The Plaintiff commenced this action on July 8, 2010. The complaint asserts claims against Defendants for unpaid overtime and minimum wages under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201 *et seq.*) and the New York Minimum Wage Act and regulations (N.Y. Labor Law §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.4).

A copy of the summons and complaint was served on July 29, 2010 on Defendant Custom Stainless Steel Corp. (d/b/a Center's Restaurant Equipment) by serving it under Fed. R. Civ. P. ("FRCP") 4(h) (1) (A) and 4(e) (1) (serving a person of suitable age and discretion at the Defendant's actual place of business at 74 George Street, Brooklyn, NY). Defendant Walter Henao was served on July 29, 2010 under FRCP 4(e) (1) [under New York C.P.L.R. § 308(2)], by delivering the Summons and Complaint to a person of suitable age and discretion at Defendant's actual place of business at 74 George Street, Brooklyn, NY, and mailing a copy of it to the Defendant in accordance with the requirements of New York CPLR § 308(2).

Proof of such service as to each Defendant thereof was filed on August 26, 2010.

The Defendants failed to answer the complaint or otherwise appear, and on December 21, 2010, the Plaintiff moved for the entry of default.

As alleged in the Complaint and accompanying affidavit, the Plaintiff is a former employee of Defendants. Defendants own, operate, or control producer of customized stainless steel countertops and cabinets located at 74 and 82 George Street, Brooklyn, New York 11206 under the name Center's Restaurant Equipment. Defendants had the power to hire and fire the Plaintiff, control the Plaintiff's terms and conditions of employment, and determine the rate and method of Plaintiff's compensation. Complaint, ¶¶ 14-15, 23.

At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activities that affect interstate commerce. Complaint, ¶ 25; Santillan Aff. ¶ 11. The gross annual volume of sales made by Defendants Custom Stainless Steel Corp., in each year from 2004 to the present, was not less than $500,000. Complaint, ¶ 24.

As described in detail below, Defendants regularly required the Plaintiff to work in excess of 40 hours per week without paying Plaintiff the proper regular rate of pay and overtime wages. Complaint, ¶¶ 43-46. The Plaintiff was paid in cash, and was not provided pay slips or records, or other accurate indication as to their rate of pay, daily hours worked, or total hours worked each week. Complaint, ¶¶ 36, 47, 49-50. Furthermore, Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices regarding the applicable wage and hour requirements of the FLSA and NYLL. Complaint, ¶¶ 41, 47; Santillan Aff. ¶¶ 33-34.

## I. PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT

It is well settled that Defendants who fail to file an Answer or otherwise move in respect to a Complaint filed, are deemed to have admitted all of the well-pleaded allegations in the Complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-

pleaded allegations against the defaulting party") (citation omitted); ("[o]n an application for a default judgment, the Court should presume as true the well-pleaded allegations in the complaint, except as to damages"); *Mattel, Inc. v. Global China Networks, LLC,* 2007 WL 3332662, *2 (S.D.N.Y. 2007). In this matter, the Defendants have failed to file an Answer or otherwise move in respect to the Complaint filed by the Plaintiff. Thus, Plaintiff's allegations are unchallenged, and consequently, the Complaint and affidavit, attached hereto, are sufficient and appropriate for a default judgment.

Plaintiff Juan Jose Santillan ("Plaintiff Santillan") was employed by the Defendants from approximately May 2000 until on or about March 1, 2010. His duties required neither discretion nor independent judgment. Complaint ¶ 31. Plaintiff Santillan regularly worked in excess of 40 hours per week. From approximately on or about December 31, 2006, Plaintiff Santillan worked approximately from 7:00 a.m. to 4:00 p.m., six days per week (typically 54 hours per week). However, Defendants required that Plaintiff Santillan continue working one or two hours past his scheduled departure time twice per week, and three hours past his scheduled departure time two or three times per month. Santillan Aff., ¶¶ 13-14. From on or about January 1, 2007 until on or about December 31, 2007, Plaintiff Santillan worked from either 7:00 a.m. to 4:00 p.m. or from 8:00 a.m. to 5:00 p.m., six days per week (typically 54 hours per week). However, Defendants required that Plaintiff Santillan continue working one or two hours past his scheduled departure time twice per week, and three hours past his scheduled departure time two or three times per month. Santillan Aff. ¶15-16. From on or about January 1, 2008 to on or about March 1, 2010, Plaintiff Santillan worked from 8:00 a.m. to 5:00 p.m., five days per week (typically 45 hours per week). However, prior to approximately February 2009, Defendants required that Plaintiff Santillan continue working one or two hours past his scheduled departure time twice per week,

and three hours past his scheduled departure time two or three times per month. Santillan Aff. ¶ 17-18. Plaintiff Santillan was paid in cash; $650.00 per week from approximately 2004 until December 2005; $700.00 per week from approximately January 2006 until December 2007; and $740.00 per week from approximately January 2008 until on or about March 1, 2010. Complaint, ¶¶ 36-39; Santillan Aff., ¶¶ 19-27.

As shown below, Plaintiff's wages fell far short of the legally required minimum and overtime pay. As a result, Plaintiff is entitled to judgment by default for unpaid wages, liquidated damages, prejudgment interest, and cost and attorneys' fees as provided by the FLSA and the New York minimum wage law and regulations. The amount of each of these elements of damage is supported by the accompanying affirmation, affidavit, and damage computation, as discussed below.

## II. PLAINTIFF IS ENTITLED TO BACK PAY; LIQUIDATED DAMAGES; A THREE-YEAR LIMITATIONS PERIOD UNDER THE FLSA; PREJUDGMENT INTEREST, AND COSTS AND ATTORNEYS' FEES

### A. Back pay

Under the FLSA, employees must be paid at least $5.15 per hour, and one-and-one-half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1). Thus, overtime work must be compensated at a rate of at least $7.73 per hour. In 2001 and through 2004, the minimum wage under New York law was the same as under the FLSA. The New York minimum wage range increased to $6.00 per hour as of January 1, 2005; and further, $6.15 per hour as of January 1, 2006. N.Y. Labor Law § 652(1). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 142-2.2.

Plaintiff also claims unpaid "spread-of-hours" pay under the New York spread-of-hours regulation, which requires employers to pay workers for an additional hour of overtime-rate pay beyond the regular pay when the workday is more than ten (10) hours. 12 N.Y.C.R.R. § 137-1.7.

The onus is on the employer to maintain proper records of employees' hours worked, 29 U.S.C. § 211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp*, 2004 WL 33412, *3 (S.D.N.Y. 2004) (the court accepted the Plaintiffs' estimates of hours worked).

> An employee has carried out his burden [of production under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated[,] and if he produces sufficient evidence to show the amount and extent of that work by just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id*. (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), and other cases).

**B. Liquidated damages under the FLSA**

Liquidated damages under the FLSA are mandatory. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants Custom Stainless Steel Corp. and Walter Henao have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory.

**C. Three-year limitations period under the FLSA**

Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years. 29 U.S.C. § 255(a). Under the New York Labor Law, if the employer's violation is willful, liquidated damages are awarded. N.Y. Labor Law § 663(1). Furthermore, it has been held that "the standard for willfulness for purposes of the FLSA statute of limitations does not appreciably differ from the standard applicable under New York law when determining whether to award liquidated damages." *Moon v. Kwon*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002).

Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Damassia v. Duane Reade, Inc.*, 2005 WL 1214337, at *2 (S.D.N.Y. May 20, 2005) (willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements."); Willfulness is also established when an employer fails to investigate whether its compensation policy was legal. See *Hardrick v. Airway Freights Systems, Inc.*, 63 F.Supp. 2d 898, 904 (N.D.Ill. 1999); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003), *aff'd,* 126 S.Ct. 514 (2005) (upholding the three-year statute of limitations because employer was on notice of FLSA requirements but "took no affirmative action to assure compliance" with them).

In the present matter, Defendants Custom Stainless Steel Corp. and Walter Henao were aware, or should have been aware of the existence of the FLSA and its overtime requirements. However, the Defendants knew or disregarded the fact that their conduct was prohibited by the FLSA. Furthermore, even if the Defendants did not know of the FLSA, the Defendants' actions

are still willful because the Defendants failed to investigate whether their compensation policy was legal. *See Hardrick*, 63 F.Supp. 2d, at 904.

Moreover, the Defendants failed to post the required information concerning the minimum wage laws, paid the Plaintiff in cash, and had no system for recording or even having the Plaintiff record his hours. Complaint, ¶¶ 36, 42, 47-48; Santillan Aff. ¶¶ 19, 35-40. Furthermore, Plaintiffs repeatedly complained to Defendants Custom Stainless Steel Corp. and Walter Henao about the fact that he received a flat weekly sum and that he was not paid for hours that he worked beyond his scheduled hours, and nothing was ever done by the Defendants to rectify this situation. Santillan Aff. ¶¶ 29-30. This deliberate decision to disregard both FLSA and New York law, as well as Defendants' failure to take any affirmative step towards compliance, amount to willfulness for purposes of the FLSA and New York law. *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp.2d 327, 340 (S.D.N.Y. 2005) ("A failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages") (internal quotation marks omitted).

As Plaintiff can establish that Defendants' violation of the FLSA was willful, the Plaintiff is entitled to a three-year limitations period under the FLSA, i.e., starting from July 8, 2007, three years before the complaint was filed. *See, e.g., Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 WL 1330761, at *8 (S.D.N.Y. 2005). Furthermore, under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness. N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. *See Godlewska v. Human Dev. Assoc., Inc.*, 2006 WL 1422410, * 4 (E.D.N.Y. May 18, 2006). Therefore, back pay under the New York Labor Law should be calculated from July 8, 2004.

**D. Liquidated damages under the New York Labor Law**

Given the uncontroverted evidence of willfulness (see above, Point C), the Plaintiff is, by statute, also entitled to liquidated damages under New York Labor Law. N.Y. Labor Law § 663(1).

**E. Prejudgment interest**

The Plaintiff also seeks an award of prejudgment interest on the New York law claims for unpaid minimum wages, overtime wages, and spread-of-hours pay. Under New York law, the court may award prejudgment interest pursuant to N.Y. C.P.L.R. § 5001 on an award of back pay. *See Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 485-86 (S.D.N.Y. 2001); *McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 176 Misc. 2d 325, 336 (N.Y. County 1997). This is because under New York (and federal) law, prejudgment interest compensates the plaintiff for the defendant's interest-free use of the plaintiff's money. *See Gierlinger v. Gleason*, 160 F.3d 858, 874 (2d Cir. 1998); *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir. 1994); *Reilly v. Natwest Mkts. Group*, 181 F.3d 253, 265 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000). In addition, under New York law,[1] prejudgment interest can be awarded in addition to liquidated damages. This is so because under New York law liquidated damages are considered a penalty, serving a different purpose as a sanction for willfully failing to pay wages. *Carter v. Frito-Lay, Inc.*, 425 N.Y.S. 2d 115, 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 438 N.Y.S.2d 80 (1981).

Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9 %) per annum simple interest. *See Perero v. Food Jungle, Inc.*, No. 05 Civ 4347, 2006 WL

---

1 Under the FLSA, when liquidated damages are to be awarded, as in the present case, prejudgment interest is not awarded in addition. *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1998); *Tran v. Tran*, 2000 WL 1099906, *9, n.13 (S.D.N.Y. Aug. 4, 2000), *aff'd in part and rev'd in part on other grounds*, 281 F.3d 23 (2002).

2708055, at *8 (E.D.N.Y. Aug. 7, 2006). As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date. See *Perero*, 2006 WL 2708055, at *8; *Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 597 (E.D.N.Y. ), *aff'd in pertinent part and vacated in part*, 160 Fed.Appx. 91 (2d Cir. 2005). Thus prejudgment interest on the Plaintiff's back pay awards should be computed from the median of each relevant period to the date of judgment.

**F. Costs and attorneys' fees**

The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

## CONCLUSION

For the reasons stated above and in the accompanying affirmation, affidavit, and exhibits, the Plaintiff's application for a default judgment should be granted in its entirety.

Dated: New York, New York
January 21, 2011

MICHAEL FAILLACE & ASSOCIATES, P.C.

____________/S/____________________

Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
Attorneys for Plaintiffs