UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUAN JOSE SANTILLAN, *individually and on behalf of others similarly situated*,

                     Plaintiff,

       -against-

WALTER HENAO and CUSTOM STAINLESS
STEEL CORP. doing business as CENTER'S
RESTAURANT EQUIPMENT,

                    Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 10-CV-3128 (FB) (MDG)

*Appearances:*
*For the Plaintiff:*
MICHAEL A. FAILLACE, ESQ.
Michael Faillace & Associates, P.C.
110 East 59th Street, 32nd Floor
New York, NY 10022

*For the Defendants:*
MATTHEW S. DULBERG, ESQ.
37-06 82nd Street, 2nd Floor
Jackson Heights, NY
11372

**BLOCK, Senior District Judge:**

        On July 8, 2010, plaintiff Juan Jose Santillan commenced this action against Walter Henao and Custom Stainless Steel Corporation (collectively, "defendants"), asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and pendant state claims under the New York Labor Law. On September 30, 2011, the court entered a default judgment, which defendants now move to vacate. For the reasons below, defendants' motion is denied.

I

        Defendants admit that they were served with the complaint on July 30, 2010. Defendants did not file an answer. Henao claims that at some point after receiving the complaint, he contacted plaintiff's attorney to dispute the allegations. On January 21, 2011, plaintiff moved for entry of a default judgment. On September 12, 2011, a magistrate judge

1

issued a Report and Recommendation ("R&R") recommending that the court enter the default judgment and explaining that any objections were due by September 29, 2011. Henao claims that he hired an attorney after receiving the R&R, and that he met with his attorney on September 19, 2011. Defendants did not file any objections or contact the court prior to the September 29th deadline, and on September 30, 2011, the court adopted the R&R and entered the default judgment. Defendants filed this motion to vacate the default judgment on November 21, 2011.

## II

A district court "may set aside a default judgment under [Federal Rule of Civil Procedure] 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b), in relevant part, permits a district court to grant relief from a final judgment in the event of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Because Rule 60(b) "allows extraordinary judicial relief," it may only be invoked "upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

The factors to be assessed in determining whether to vacate a default judgment are as follows: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non defaulting party prejudice." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

## III

Willfulness, in the Rule 60(b) context, requires something more than "a careless or negligent error" on the part of the defaulting parties. *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). A court will find willfulness when a default "arise[s] from egregious or deliberate conduct," such as "where the moving party

had apparently made a strategic decision to default," *id.* at 60-61, and where "the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

Defendants first argue that they did not willfully default, and that their inaction constituted "excusable neglect" under Rule 60(b), because: (1) Henao has no experience in dealing with litigation; (2) Henao's wife was very ill at the time he was served with the complaint; and (3) defendants' business was hit hard by the economic recession and Henao lacked the funds to hire an attorney at the time of the complaint.

Defendants have been aware of this lawsuit since the complaint was filed in July 2010, but did not file a timely answer. They took no steps to contact the court or to defend themselves, even after the issuance of the R&R on September 12, 2011. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (affirming a default where defendants "cease[d] participating in [their] own defense," even after being "clearly warned that a default would result"). The Second Circuit has affirmed a district court finding that defendants "willfully and deliberately failed to answer the complaint" when defendants failed to file an answer and did not "provide any justification for their own failure to take action after receiving notice that the clerk had entered a default against them." *Green*, 420 F.3d at 109.

Nor do defendants submit any case law in support of their arguments that Henao's lack of legal knowledge, his wife's illness, or the economic recession excuse defendants' inaction. In fact, the law is to the contrary. *See  Rinieri v. News Syndicate Co.*, 385 F.2d 818, 823 (2d Cir. 1967) ("If a party lacks funds it is not given to him to decide *ex parte* that he is justified in not prosecuting his suit and is thus free to ignore the rules of the court."); *Original Appalachian Artworks, Inc. v. Yuil Intern. Trading Corp.*, 105 F.R.D. 113, 116

(S.D.N.Y. 1985) ("lack of legal sophistication" and a "party's decision to ignore the dangers attendant to litigation" cannot serve as a basis to excuse default). Accordingly, defendants knowingly took no action in their own defense for more than one year after receiving the complaint. Their default was "willful" for the purpose of Rule 60(b).

## IV

The determination that defendants' default was willful, on its own, is sufficient to support a denial of their motion to vacate the default judgment. *See Bobrow Greenapple & Skolnik v. Woods*, 865 F.2d 43 (2d Cir. 1989) (affirming denial of a motion to vacate default judgment where defendants "failed to prove that their neglect had been excusable, even though they showed that they had a meritorious defense and that setting aside the judgment would not prejudice [plaintiff]"); *United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs.*, 755 F. Supp. 1195, 1205 (S.D.N.Y. 1989) (because defendants' default was willful there is "no need to consider whether [defendants have] a meritorious defense and the resulting prejudice to [plaintiff] if the default judgment [were] vacated").

Accordingly, in light of the finding that defendants' default was willful, the court will not address the remaining Rule 60(b) factors. Defendants' motion to vacate the default judgment is denied.

**SO ORDERED.**

/s/

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
June 20, 2012

4